UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

AMBASSADOR AT LARGE POTENTATE ABIYAH           Petitioner/Defendant,
HABIN YAH HOUSE OF AHAROWN SANCTUARY
ex rel: PAUL SMITH,

v.                                              Civil Action No. 3:17-cr-5-DJH

THE COMMONWEATLH OF KENTUCKY
14TH AMENDMENT CITIZENSHIP BENEFIT:
PAUL SMITH,                                    Respondent/Plaintiff.

* * * * *

### MEMORANDUM OPINION

Unrepresented by counsel, Petitioner/Defendant, an inmate incarcerated at Louisville Metro Department of Corrections and identifying himself as "Ambassador at Large Potentate Abiyah Habin Yah House of Aharown Sanctuary ex rel: Paul Smith" (hereinafter, Petitioner), filed a notice of removal (DN 1) of state-court criminal proceedings to federal court. In the caption of the notice, he lists the following case numbers: 05-CR00364; 06-CR001816; 06-CR003726; 06-CR003935. Petitioner does not identify in what state court these matters are proceeding. For the reasons that follow, the Court will dismiss the action and remand the matters to state court.

**I.**

In the notice of removal, Petitioner asserts that he is the "Ambassador at large, Potentate of the House of Aharown Sanctuary, Messenger of Yahweh of Hosts : Abiyah Habin Yah (Ha Binyah) of a Foreign Sovereign Ecclesiastical Mission and Jurisdiction, doing the Great Work representing the Celestial lodge by Divine Providence[.]" He states that he "Petitions this Court for instant removal of above Pending cases Pursuant to Title 28 U.S.C. 1455, Article III

Section 2 of the United States Constitution and Title 28 U.S.C. 1251 original jurisdiction." He further states as follows:

> According to Title 28 U.S.C. 1455(a) a defendant may remove "any" (emphasis added) criminal prosecution, this removal is warranted on the following grounds, these grounds shall be followed by an addendum with memorandum of law to further and support the establishment and warrant of removal of said Prosecution by court cases pending as noted above upon the grounds of Racial Equality, Civil Rights, 14th Amendment Due process and 1st Amendment Religious beliefs, association and worship. This Notice of removal is now filed with this Court and removal is instant and automatic and until this cause is adjudicated or remanded (Title 28 USC 1455(b)(3) the state court cannot proceed with any Judgement and is without Jurisdiction to enter any Judgement or conviction because this cause is now removed.

(Parentheses by Petitioner.) While Petitioner makes references to "an addendum with memorandum of law," no such addendum is attached to the notice of removal. Nor does Petitioner attach any records from any of the criminal actions he seeks to remove.

**II.**

In support of removal, Petitioner cites 28 U.S.C. § 1455, which provides a procedure for removal of a criminal prosecution. While § 1455 governs the *procedure* for removal, it does not authorize the *substantive* right of removal. Rather, a state defendant may remove his criminal prosecution only as provided in 28 U.S.C. § 1443. This section permits removal of a criminal action by a defendant:

> (1) Against any person who is denied or cannot enforce in the courts of [a] State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
> 
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

With respect to subsection (1), a removal petition must satisfy a two-pronged test. *See Johnson v. Mississippi*, 421 U.S. 213 (1975). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Id.* at 219 (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)).

> Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice. That a removal petitioner will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of § 1443(1).

*Id.* (citing *City of Greenwood v. Peacock*, 384 U.S. 808, 825 (1966)). Second, a petitioner must show that he cannot enforce the specified federal right in state court. *Id.* "This provision normally requires that the denial be manifest in a formal expression of state law, such as a state legislative or constitutional provision, rather than a denial first made manifest in the trial of the case." *Id.* (quoting *Rachel*, 384 U.S. at 799, 803) (internal quotation marks omitted).

The notice of removal states that removal is warranted "upon the grounds of Racial Equality, Civil Rights, 14th Amendment Due process and 1st Amendment Religious beliefs, association and worship." However, Petitioner states no facts whatsoever to support these conclusory allegations. Petitioner does not even state under what criminal law(s) he is prosecuted. Further, Petitioner does not allege a formal expression of state law preventing him from enforcing his rights in state court. Nor does he allege any basis for showing that the state trial and appellate courts will not be able to vindicate his rights. He, therefore, meets neither prong of the two-pronged test, and removal is not proper under § 1443(1).

Moreover, Petitioner's criminal action fails to satisfy the alternative bases for removal under § 1443(2). "The first clause [of subsection (2)], 'for any act under color of authority derived from any law providing for equal rights . . .[,]' has been examined by the Supreme Court and held available only to federal officers and to persons assisting such officers in the performance of their official duties." *Detroit Police Lieutenants and Sergeants Ass'n v. City of Detroit*, 597 F.2d 566, 568 (6th Cir. 1979) (citing *Peacock*, 384 U.S. at 815). As to the second clause of § 1443(2) ("for refusing to do any act on the ground that it would be inconsistent with such law"), the Supreme Court has noted that "[i]t is clear that removal under that language is available only to state officers." *Peacock*, 384 U.S. at 824 n.22; *Detroit Police Lieutenants and Sergeants Ass'n*, 597 F.2d at 568 ("We believe that this provision of the statute was designed to protect state officers from being penalized for failing to enforce discriminatory state laws or policies by providing a federal forum in which to litigate these issues."). As Petitioner is neither a federal officer or a person assisting a federal officer in the performance of his duties nor a state officer, neither clause of § 1443(2) applies.

In addition, in support of removal of his action, Petitioner cites Article III, Section 2 of the United States Constitution, which provides as follows:

> In all Cases affecting Ambassadors, other public Ministers and Consuls, and those in which a State shall be Party, the supreme Court shall have original Jurisdiction. In all the other Cases before mentioned, the supreme Court shall have appellate Jurisdiction, both as to Law and Fact, with such Exceptions, and under such Regulations as the Congress shall make.

He also cites 28 U.S.C. § 1251, which states as follows:

> (a) The Supreme Court shall have original and exclusive jurisdiction of all controversies between two or more States.
> (b) The Supreme Court shall have original but not exclusive jurisdiction of:

4

  (1) All actions or proceedings to which ambassadors, other public ministers, consuls, or vice consuls of foreign states are parties;
  (2) All controversies between the United States and a State;
  (3) All actions or proceedings by a State against the citizens of another State or against aliens.

The notice of removal does not state how Petitioner believes either of these provisions confers jurisdiction on this district court. As stated above, a state defendant may remove his criminal prosecution only as provided in 28 U.S.C. § 1443. Therefore, Petitioner has failed to establish this Court's jurisdiction based on either Article III, Section 2 of the United States Constitution or 28 U.S.C. § 1251.

### III.

Because removal is not authorized, the Court is without jurisdiction to entertain Petitioner's criminal cases. By separate Order, the Court, therefore, will dismiss this action.

Under 28 U.S.C. § 1455(b)(4), "If it clearly appears on the face of the notice [of removal of a criminal prosecution] and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." Petitioner, however, does not identify in what state court these actions are pending. In his certificate of service, he makes reference to service upon Judge M. Shake. The Court takes judicial notice that Judge James M. Shake is a Circuit Judge in Jefferson County. Further, Petitioner is housed at Louisville Metro Department of Corrections in Jefferson County. Upon consideration, the Court concludes that the instant matters must be remanded to Jefferson Circuit Court.

Date: February 9, 2017

**David J. Hale, Judge**
**United States District Court**

cc: Petitioner/Defendant, *pro se*
  Clerk, Jefferson Circuit Court (05-CR00364; 06-CR001816; 06-CR003726; 06-CR003935)
4415.010